Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor and Debtor in Possession. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:23-ap_____-SC |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br>-vs-<br><br>WALKER LAW GROUP, LLP, a California limited liability partnership, RAYSHON ANDREW FOSTER, SONJA FOSTER, and DOES 1-10,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;**<br>2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE § 3439.04(a)(1);**<br>4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>5) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and**<br>6) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

1

The Official Committee of Unsecured Creditors ("Committee" or "Plaintiff") of the bankruptcy estate of 2ND Chance Investment Group, LLC ("Debtor"), Plaintiff in this adversary proceeding, respectfully alleges as follows:

## I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the Debtor's pending chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC ("Bankruptcy Case").

2. On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commending the Bankruptcy Case.

3. Prior to the filing of the Bankruptcy Case, Plaintiff is informed and believes the Debtor operated a real estate business by which it invested in real estate via direct ownership and made money through the leasing, improvement and sale of real estate, among other things.

4. This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334.

5. This action is a core proceeding under 28 U.S.C. § 157(b). Pursuant to FRBP 7008, Plaintiff consents to the Bankruptcy Court entering final judgment and order.

6. This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt. Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because the Bankruptcy Case is pending in the Central District of California.

7. To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set forth hereinafter under California or other applicate state or federal law.

## II. THE PARTIES

8. Plaintiff was appointed on February 6, 2023.

9. Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy

Case at Docket Entry No. 77, Plaintiff is the representative of the bankruptcy estate whose authority in this regard includes, but is not limited to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law. Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and objections to claims in the Bankruptcy Case.

10. Plaintiff brings this action solely for the benefit of the estate and its creditors in the Bankruptcy Case.

11. By virtue of Plaintiff consisting of a committee of creditors of the Debtor, Plaintiff may not have personal knowledge of many of the facts alleged in this Complaint and, therefore, where appropriate, alleges certain facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against the Defendant (defined below) and to challenge and recover transfers made to or for the benefit of the Defendants in addition to those transfers alleged in the Complaint.

12. Plaintiff is informed and believes that, on and before the Petition Date, and continuing to the present, Walker Law Group, LLP f/k/a Walker & Mann LLP ("WLG"), is a California limited liability partnership in good standing, with its principal address being 10832 Laurel St. Suite 204, Rancho Cucamonga, CA 91730.

13. WLG regularly conducts business in the State of California and is in the business of operating a law practice.

14. Defendant Rayshon Andrew Foster ("R. Foster") is an individual and according to the Debtor's List of Equity Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of 54] is the sole member of the Debtor and at all times was a person in control of the Debtor.

15. Sonja Foster ("S. Foster") is the spouse of R. Foster (together, the "Fosters") and at all times relevant to this Complaint, was a person in control of the Debtor.

16. WLG and the Fosters shall from hereon, at times, collectively be referred to as the "Defendants."

### III. GENERAL ALLEGATIONS

17. The allegations contained in paragraphs 1-16, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

18. During the four years prior to the Petition Date, the Debtor made payments to WLG using Debtor's general operating bank account with East West Bank, ending in account number 4577, in a total amount not less than $145,598.

19. An itemized listing of the Transfers with details, describing salient aspects of each individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

20. Plaintiff is informed and believes that, during the four years leading up to the Petition Date, the WLG provided legal services to the Debtor and simultaneously provided legal services to the Fosters and that some or all of the Transfers consisted of payments from Debtor's funds to WLG for services performed by WLG on behalf of the Fosters.

21. Plaintiff is informed and believes that the Transfers or a subset of them were made for the exclusive benefit of the Fosters and not for any benefit for the Debtor.

22. Upon information and belief, at all times relevant to this Complaint, creditors of the Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code) existed that could have avoided the transfers described herein under applicable state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq*.

## **FIRST CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(2), 3439.05 Against All Defendants)**

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 as though set forth in full.

24. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants, including the Fosters who are insiders of the Debtor.

25. When the Transfers were made, the Debtor was aware of its mounting debts.

26. The Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value for the Transfers.

27. The Debtor was insolvent when the Transfers were made or it became insolvent as a result of the Transfers. Indeed, Debtor's scheduled debts unsecured debts according to Docket No. 72, its Amended Schedule E/F exceeded $6.7 million, shortly after the Transfers, and claims have been filed against Debtor's estate in excess of $8.9 million, with no or very limited assets available to satisfy claims in Debtor's estate.

28. At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

29. The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All Defendants)

30. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 as though set forth in full.

31. Of the Transfers, $58,410.12 were transfers of the Debtor's property made within two (2) years of the Petition Date to or for the benefit of Defendants ("Two-Year Transfers").

32. When the Two-Year Transfers were made, the Debtor was aware of its mounting debts.

33. Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

34. Debtor was insolvent when the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers.

35. At the time the Two-Year Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

36. The Two-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

\\\

**THIRD CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(1) Against All Defendants)**

37. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 36 as though set forth in full.

38. The Uniform Fraudulent Transfer Act provides, inter alia, that a transfer is fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor. (See, California Civil Code §3439.04 California Civil Code §3439.04(a)(1).)

39. As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

40. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants.

41. The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors. The Fosters who were in control of the Debtor were engaged in a strategy to deplete the Debtor of its cash and assets, including by using the Debtor's assets to fund their lavish lifestyle and to purchase assets for themselves using Debtor's property, all to delay and prevent collection by Debtor's legitimate creditors of their debts.

42. Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

\\\

### FOURTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1), Against All Defendants)**

43. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 42 as though set forth in full.

44. Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

45. The Two-Year Transfers were transfers of the Debtor's property made within two (2) years of the Petition Date to or for the benefit of the Defendants.

46. The Two-Year Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

47. Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Two-Year Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

### FIFTH CLAIM FOR RELIEF

**(Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)**

48. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46 as though set forth in full.

49. The Transfers and the Two-Year, or the value thereof, are recoverable from Defendants pursuant to 11 U.S.C. § 550(a).

### SIXTH CLAIM FOR RELIEF

**(Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)**

50. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49 as though set forth in full.

51. Defendants have not paid the amount of the Transfers or the Two-Year Transfers, nor have they turned over such property, for which Defendants are liable under 11 U.S.C. §550.

52. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers and/or the Two-Year Transfers, plus interest thereon and costs.

53. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

### ON THE FIRST AND THIRD CLAIMS FOR RELIEF

1. For judgment avoiding the Transfers.

### ON THE SECOND AND FOURTH CLAIMS FOR RELIEF

2. For judgment avoiding the Two-Year Transfers.

### ON THE FIFTH CLAIM FOR RELIEF

3. For recovery of the avoided Transfers or the Two-Year Transfers or any part of them, or the value of the avoided Transfers in the form of a money judgment.

### ON THE SIXTH CLAIM FOR RELIEF

4. Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**ON ALL CLAIMS FOR RELIEF**

5.  For interest as permitted by law from the date of the Transfers that are avoided;

6.  For costs of suit incurred herein, including, without limitation, attorneys' fees; and

7.  For such other and further relief as the Court deems just and proper.

Dated: February 8, 2024

**Respectfully submitted by,**
**GOE FORSYTHE & HODGES LLP**

By: /s/*Robert P. Goe*
  Robert P. Goe
  Charity J. Manee
  Counsel to Official Committee of
  Unsecured Creditors

| Date | Amount | Memo | Matches invoice |
|---|---|---|---|
| 1/3/2019 | $240 | Invoice # 16056 | Yes |
| 3/5/2019 | $1,035.85 | 16159 | Yes |
| 4/2/2019 | $120.00 | File # 6001-240 | Yes |
| 5/7/2019 | 181.3 | 16277 | |
| 7/1/2019 | 483.2 | 16402 | Yes |
| 8/6/2019 | 2,190.50 | 16481 | Yes |
| 9/6/2019 | $3,890.31 | File # 6001-240 | Yes |
| 9/30/2019 | 660.46 | 16595 | |
| 11/4/2019 | 209.35 | 16651 | Yes |
| 11/4/2019 | 1283.6 | 16666 | |
| 12/11/2019 | 2,000 | 16714 | |
| 12/11/2019 | 60 | 16729 | |
| 1/8/2020 | 1260 | 16795 | |
| 1/8/2020 | 2995.53 | 16779 | |
| 2/4/2020 | 300 | 16843 | Yes |
| 2/4/2020 | 90 | 16859 | |
| 3/18/2020 | 390 | 16925 | |
| 3/18/2020 | 540 | 16910 | |
| 4/3/2020 | 360 | 16985 | |
| 4/3/2020 | 9,546.38 | 16971 | |
| 5/7/2020 | 3,150.00 | 6001-240 | |
| 5/7/2020 | 2,626.10 | 6001-204 | |
| 6/10/2020 | 3,210 | 17102 | |
| 6/10/2020 | 2,307.30 | 17091 | |
| 7/16/2020 | 1,230 | 17158 | |
| 7/16/2020 | 210 | 17147 | |
| 8/5/2020 | 3545.46 | 17202 | |
| 8/5/2020 | 3,180.00 | 17212 | |
| 9/9/2020 | 240 | 17263 | |
| 9/9/2020 | 4,109.78 | 17258 | |
| 10/7/2020 | 2115 | 17331 | |
| 10/7/2020 | 30 | 17341 | |
| 11/6/2020 | 450 | 17421 | |
| 11/6/2020 | 1,200 | 17422 | |
| 12/10/2020 | 2970 | 17453 | |
| 3/5/2021 | 2,215.10 | 17687 | |
| 3/5/2021 | 1,136.20 | 17677 | |
| 4/7/2021 | 960 | 17769 | |
| 4/7/2021 | 2,278.91 | 17759 | |
| 5/7/2021 | 840 | 17843 | |

58410.12

| Date | Amount | Ref | |
|---|---|---|---|
| 5/7/2021 | 1,299.21 | 17836 | |
| 6/10/2021 | 3,106.55 | 17956 | |
| 6/15/2021 | 200 | 18035 | |
| 7/7/2021 | 480 | 18043 | |
| 8/30/2021 | 900 | 18200 | |
| 12/13/2021 | 1770 | 6001-240 | |
| 12/13/2021 | 1,217.39 | 6001-284 | |
| 12/26/2021 | 60 | 18886 | |
| 12/28/2021 | 1380 | 18481 | |
| 1/31/2022 | 60 | 18560 | |
| 1/21/2022 | 210 | 18555 | |
| 3/7/2022 | 180 | 18633 | |
| 3/7/2022 | 3,823.86 | 18683 | |
| 4/28/2022 | 10,155.65 | 18777 | |
| 4/28/2022 | 1,080.00 | 18772 | |
| 6/14/2022 | 1020 | 18825 | |
| 6/14/2022 | 2863.8 | 18830 | |
| 6/30/2022 | 6180 | 18890 | |
| 6/30/2022 | 5610 | 18872 | |
| 9/6/2022 | 11413.8 | 18985 | |
| 9/6/2022 | 9630 | 18984 | |
| 10/6/2022 | 13427.55 | 17017 | |
| 10/6/2022 | 3690 | 19014 | |

$145,598

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Charity J. Manee – State Bar No. 286481<br>GOE FORSYTHE & HODGES LLP<br>17701 Cowan, Bldg. D, Suite 210<br>Irvine, CA 92614<br>rgoe@goeforlaw.com<br>cmanee@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile: (949) 955-9437<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>2ND CHANCE INVESTMENT GROUP, LLC<br><br>Debtor(s). | CASE NO.: 8:22-bk-12142-SC<br>CHAPTER: 11<br>ADVERSARY NO.: |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br>Plaintiff(s)<br>Versus<br>WALKER LAW GROUP, LLP, a California limited liability partnership, RAYSHON ANDREW FOSTER, SONJA FOSTER, and DOES 1-10<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____
**Time:** _____
**Courtroom:** _____

**Address:**
☐ 255 East Temple Street, Los Angeles, CA 90012
☐ 3420 Twelfth Street, Riverside, CA 92501
☒ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 1                         F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                           **KATHLEEN J. CAMPBELL**
                                                           **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                                    By: _____
                                                                Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                Page 2                                           **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____
*Date*          *Printed Name*                                                      *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                    F 7004-1.SUMMONS.ADV.PROC